UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM BOURLAND,<br><br>                              Plaintiff,<br>    v.<br>HUMBOLDT COUNTY,<br><br>                              Defendant. | Case No. 3:13-cv-00660-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion for Judgment on the Pleadings – Dkt. no. 10) |

**I.    SUMMARY**

Before the Court is Defendant Humboldt County's Motion for Judgment on the Pleadings ("Motion"). (Dkt. no. 10.)  For the reasons discussed below, the Motion is granted in part and denied in part.

**II.    BACKGROUND**

The following background facts are taken from the Complaint, although the Court has to refer to the briefs relating to the Motion because the Complaint is so thin on factual allegations.

Plaintiff is a law enforcement officer employed by the City of Winnemucca. (Dkt. no. 1 at 1.) Plaintiff was previously employed by Humboldt County in its Sheriff's Office ("County Sheriff"). (*Id.*) In April 2013, Plaintiff pled no contest to the charge of harassment for making a death threat against another law enforcement officer.[1] (Dkt. no.

---

[1] The Complaint does not provide a timeline of Plaintiff's employment with the County Sheriff or the Winnemucca Police Department ("Department"). It is not clear if the threat, made in October 2012 (dkt. no 10-1, Ex. 2), occurred while Plaintiff was employed with the County Sheriff or the Department. Based on the allegations relating to a letter written on June 5, 2013, Plaintiff was employed with the Department as of June 2013.

10 at 3; dkt no. 10-2, Exh. 3.) On June 5, 2013, Humboldt County District Attorney Michael McDonald wrote a letter to the Chief of the Department ("Chief") about Plaintiff. (*Id.*) In the letter, Mr. McDonald informed the Chief that based on Plaintiff's conviction for harassment, questions have arisen regarding Plaintiff's "potential for dishonesty," and, as such, Mr. McDonald requested that the Department not assign Plaintiff "future cases that are likely to involve his potential courtroom testimony." (Dkt. no. 10, ex. 1.[2]) Plaintiff alleges that Mr. McDonald subsequently inquired of the Chief whether Plaintiff had been fired yet. (Dkt. no. 1 at 3.) Plaintiff alleges Mr. McDonald took these actions to interfere with his employment with the Department because of his support of an alternative Sheriff's candidate in the 2010 Sheriff's election.[3]

Based on these allegations, Plaintiff asserts two claims for retaliation and defamation plus under 42 U.S.C. § 1983 and three state law claims against Humboldt County.

**III.   DISCUSSION**

    **A.   Legal Standard**

A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings utilizes the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted in that it may only be granted when it is clear to the Court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) (citations omitted). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable

---

[2] Plaintiff refers to the June 5, 2013 letter in his Complaint. (Dkt. no. 1 at 1.) The Court thus may consider the letter in deciding the Motion. *See Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007) (per curiam) (the court will "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice").

[3] Plaintiff's allegations as to the election period are inconsistent. The Complaint alleges that the Sheriff election occurred in 2010 (dkt. no. 1 at 2 ¶ 11)); Plaintiff's response to the Motion claims this election took place in November of 2012 (dkt. no. 13 at 4). The Court will assume the facts as alleged in the Complaint as true -- the Sheriff's election was in 2010.

1  legal theory or absence of sufficient facts alleged under a cognizable legal theory.
2  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3  A plaintiff's complaint must allege facts to state a claim for relief that is plausible
4  on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial
5  plausibility" when the party seeking relief "pleads factual content that allows the court to
6  draw the reasonable inference that the defendant is liable for the misconduct alleged."
7  *Id*. Although the Court must accept as true the well-pled facts in a complaint, conclusory
8  allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule
9  12(b)(6)] motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell
10 v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to
11 provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
12 conclusions, and a formulaic recitation of the elements of a cause of action will not do.
13 Factual allegations must be enough to raise a right to relief above the speculative level."
14 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

15  **B.    Analysis**

16  Defendant argues that it is immune from liability and the Complaint fails to state a
17 claim. The Court declines to address Defendant's various immunity arguments because
18 it finds that the Complaint fails to state a claim under 42 U.S.C. § 1983. Plaintiff's section
19 1983 claims allege retaliation against the exercise of his First Amendment right to
20 participate in the Sheriff's election (second claim for relief) and for defamation plus
21 (fourth claim for relief).[4] (Dkt. no. 1 at 3-4.)

22  ///

---

[4] Plaintiff essentially alleges that Mr. McDonald made false statements of facts concerning him to the Chief and these statements were made in connection with the alleged "constitutional violation." (Dkt. no. 1 at 4.) Both section 1983 claims suffer other legal and factual deficiencies. For example, the Complaint does not allege what connection, if any, Mr. McDonald shared with either candidate in the Sheriff's election that occurred in 2010, three years before the June 5, 2013 letter that serves as the premise of Plaintiff's claims. Plaintiff alleges two seemingly separate events — the June 5, 2013 letter and his support of one candidate for Sheriff in the 2010 election — but fails to make any allegations as to any causal connection between the two.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff's two section 1983 claims appear to rely on substantive rights conferred by the First Amendment. However, because Plaintiff asserts these claims against Humboldt County, the Court will address whether he has stated a claim against Humboldt County.

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (*citing Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900 (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)).

The Complaint does not allege that Humboldt County had a policy, custom or practice of interfering with the exercise of First Amendment rights to participate in the electoral process or of being deliberately indifferent to Plaintiff's constitutional rights and that this policy, custom or practice created the violation of his constitutional rights. Nor does Plaintiff allege that the District Attorney's actions — writing the letter to the Chief

///

and making a follow up inquiry as to whether Plaintiff has been terminated — were taken pursuant to Humboldt County's policy, custom or practice.

Defendant argues that the District Attorney's actions amounted to a single act that is insufficient to establish a policy, custom or practice for Humboldt County. Plaintiff counters that the District Attorney's actions suffice to establish municipal liability under section 1983 because he is a final policymaker for the County.

In *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988), the court held that a single event *can* give rise to municipal liability under § 1983:

> We [the court] have assumed that an unconstitutional governmental policy could be inferred from a single decision taken by the highest official responsible for setting policy in that area of the government's business . . . . At the other end of the spectrum, we have held [in *Tuttle*] that an unjustified shooting by a police officer cannot, without more, be thought to result from official policy. (citations omitted).

In fact, in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986), "the Supreme Court held that a single decision by a municipal policymaker may be sufficient to trigger section 1983 liability under *Monell*, even though the decision is not intended to govern future situations." *Gillette v. Delmore*, 979 F.2d 1342, 1347 (citing *Pembaur*, 475 U.S. at 480-81 (remaining citations omitted)). "There must, however, be evidence of a conscious, affirmative choice." *Id.* "Municipal liability under section 1983 attaches only where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 1348 (quotation marks and citations omitted).

While a single action by a final policy maker may subject a municipal to liability under section 1983, the Complaint nevertheless fails to state a claim. Plaintiff cites to the Complaint's allegation that the District Attorney and his assistants "are final policymakers with respect to matters averred in this action" to support his argument that the County's policy can be inferred from the District Attorney's single decision. (Dkt. no. 13 at 5; dkt. no. 1 at 1.) There are two problems with this argument. First, because the Complaint suffers from a factual deficit, it is not clear what "the matters averred in this action"

1  entail.⁵ Second, the Complaint does not support Plaintiff's argument. Plaintiff alleges that
2  the District Attorney is a final policymaker, but he does not allege what County policy,
3  custom or practice can be inferred from his actions to hold the County liable under
4  section 1983.

5  The Court finds that Plaintiff has failed to state a claim under 42 U.S.C. § 1983
6  against Humboldt County. The second and fourth claims for relief are therefore
7  dismissed without prejudice.

8  The Court has discretion to grant leave to amend and should freely do so "when
9  justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)
10  (quoting Fed. R. Civ. P. 15(a)). Because the Court cannot conclude that amendment is
11  futile, the Court grants Plaintiff leave to amend.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion for Judgment on the Pleadings (dkt. No. 10) is granted in part and denied in part. The second and fourth claims for relief are dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint to address the deficiencies identified in this Order, but must do so within 15 days. Failure to file an amended complaint will result in dismissal with prejudice.

///
///
///
///

---

⁵The Complaint also fails to satisfy Rule 8(a)'s pleading standards. Plaintiff fails to allege any connection between the Humboldt County District Attorney and the Sheriff's candidate he supported in an election that occurred over two years before the June 2013 letter was sent.

The Court will not address Defendant's arguments with respect to the state law claims at this time as the Court declines to exercise supplemental jurisdiction over these claims.

DATED THIS 5th day of February 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE